**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Antonio Brown, | No. CV-18-01267-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| City of Glendale, et al., | |
| Defendants. | |

Plaintiff Antonio Brown ("Brown") has asserted claims for malicious prosecution (both under 42 U.S.C. § 1983 and under state law) following his acquittal in a state-court prosecution for sexual assault. Brown contends the charges arose because a member of the Glendale Police Department filed false police reports, lied in a search warrant affidavit and while testifying before a state grand jury, and concealed exculpatory evidence. The first trial against Brown, in 2015, resulted in an acquittal on some counts, a dismissal of some counts, and a mistrial on some counts, and the 2017 retrial resulted in an acquittal on all remaining counts.

Now pending before the Court are two matters: (1) Defendants' motion for judgment on the pleadings (Doc. 23), which argues that Brown's malicious prosecution claims are time-barred in part (because he should have pursued relief after the 2015 partial verdict, instead of waiting until after the 2017 retrial) and overbroad in part (because a police officer cannot be sued in a § 1983 action for lying before the grand jury); and (2) the parties' stipulated motion to permit disclosure of grand jury transcript (Doc. 28). These

matters are fully briefed and neither party has requested oral argument. As explained below, the motion for judgment on the pleadings will be granted in part and denied in part and the stipulated motion to permit disclosure of the grand jury transcript will be granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

A. <u>The Factual Allegations In The Complaint</u>

The complaint was filed on April 4, 2018. (Doc. 1.) The following factual summary assumes the truth of all allegations contained therein. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citation omitted) (when deciding a motion for judgment on the pleadings under Rule 12(c), "'a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy'").

The complaint alleges that, on April 3, 2014, Brown invited a woman to his apartment and "engaged in consensual sexual contact" with her. (*Id.* ¶ 14). The next day, the woman falsely accused Brown of sexual assault. (*Id.* ¶ 16.)

Detective Lawrence Gonzalez of the Glendale Police Department ("Detective Gonzalez") served as the lead investigator. (*Id.* ¶¶ 7, 18.) As part of his investigation, Detective Gonzalez interviewed the alleged victim. (*Id.* ¶ 18.) During this interview, the alleged victim made equivocal statements about whether any wrongful conduct had occurred. (*Id.* ["She also said, 'She is not sure if he thought she was playing or being kinky or anything of that nature.'"].)

On the evening on April 4, 2014, Detective Gonzalez "set up and monitored a [telephonic] confrontation call" between the alleged victim and Brown. (*Id.* ¶ 20.) During this call, Brown "made multiple exculpatory statements, and denied any coercive or non-consensual acts." (*Id.*) Nevertheless, Detective Gonzalez filed a false police report stating Brown had made inculpatory statements during the call. (*Id.* ¶¶ 21, 22.)

Detective Gonzalez also obtained a search warrant for Brown's cell phone during the investigation. (*Id.* ¶ 22.) In his probable cause affidavit, Detective Gonzalez "falsely claimed that on the confrontation call, [Brown] admitted to having sexual intercourse . . . without consent," even though "[a]bsolutely no such statements are contained in the

confrontation call." (*Id.*)

Detective Gonzalez later testified before the grand jury. (*Id.* ¶ 23.) During this session, Detective Gonzalez "falsely testified . . . that during the confrontation call, [Brown] admitted to having sexual intercourse . . . without consent." (*Id.*) Detective Gonzalez also "withheld exculpatory evidence, including that [the alleged victim] was not sure if [Brown] thought she was 'playing or joking' or being 'kinky.'" (*Id.*)

Due to Detective Gonzalez's misconduct, the grand jury charged Brown with nine counts of felony sexual abuse. (*Id.* ¶ 24.) "In two trials, culminating on May 9, 2017, [Brown] was acquitted of all charges." (*Id.* ¶ 28.)

In October 2017, Brown served a notice of claim on all of the defendants. (*Id.* ¶ 2.) The notice-of-claim document is included as an exhibit to the complaint. (*Id.* at 13-21.)

B. The Parties And Claims Identified In The Complaint

The complaint identifies three defendants: (1) Detective Gonzalez (as well as Detective Gonzalez's wife, who is named only for purposes of preserving claims against the marital community), (2) Rick St. John, who is named in his official capacity as the Glendale Police Department's chief of police, and (3) the City of Glendale. (Doc. 1 ¶¶ 4-10.) These individuals and entities will be collectively referred to as "Defendants."

The complaint asserts five causes of action. Each cause of action is asserted against all three Defendants. Count 1 is a claim under 42 U.S.C. § 1983 for "Malicious and Selective Prosecution, Abuse of Process, Failure to Train." (*Id.* ¶¶ 29-41.) Count 2 is a claim for "Conspiracy to Commit Violations of 42 U.S.C. § 1983." (*Id.* ¶¶ 42-46.) Count 3 is a state-law claim for "Malicious Prosecution." (*Id.* ¶¶ 47-50.) Count 4 is a state-law claim for "Abuse of Process." (*Id.* ¶¶ 51-53.) Count 5 is a state-law claim for "Negligence/Gross Negligence." (*Id.* ¶¶ 54-59.)

C. Brown's Concessions And Omissions In Response To Defendants' Motion

On October 26, 2018, Defendants filed a motion for judgment on the pleadings. (Doc. 23.) In Section II of the motion, Defendants assert a variety of statute-of-limitations arguments. (Doc. 23 at 4-10.) In a nutshell, they contend that Counts 2, 4, and 5 should

be dismissed in their entirety and that Counts 1 and 3 should be dismissed except to the extent those counts are asserting claims for malicious prosecution arising from the 2017 acquittal. (*Id.*) In Section III of the motion, Defendants contend that Counts 1 and 2 (the two § 1983 claims) should be dismissed to the extent they are premised on Detective Gonzalez's grand jury testimony, because the Supreme Court in *Rehberg v. Paulk*, 566 U.S. 356 (2012), held that "a grand jury witness has absolute immunity from any § 1983 claim based on the witness' testimony." (*Id.*, citation omitted.) In Section IV of the motion, Defendants argue Count 2 is legally invalid. (*Id.* at 11-13.) And in Section V of the motion, Defendants argue Chief St. John should be dismissed as a party because he was only sued in his official capacity, meaning the claims against him are duplicative of the claims against the City of Glendale. *(Id.* at 13-14.)

On November 21, 2018, Brown filed a response to the motion. (Doc. 30.) The only two arguments that Brown chose to dispute were (1) whether Counts 1 and 3 are time-barred in part, and (2) whether Count 1 may be premised on allegations of false grand jury testimony by Detective Gonzalez. In contrast, Brown conceded that Counts 2, 4, and 5 of his complaint may be dismissed. (*Id.* at 1.) Brown further conceded that Count 1—which is denominated in the complaint as a § 1983 claim for "Malicious and Selective Prosecution, Abuse of Process, Failure to Train"—should be construed only as a § 1983 claim for malicious prosecution. (*Id.* at 1.) Finally, Brown didn't address the argument that Chief St. John is an improperly-named defendant.

Based on these concessions and omissions, the Court will grant the motion for judgment on the pleadings as to Counts 2, 4, and 5, dismiss Chief St. John as a party,[1] and limit Brown's theory in Count 1 to a malicious-prosecution theory. The remaining disputed issues are addressed in the Discussion section below.

…

…

---

[1] *Wilkinson v. Wells Fargo Bank, N.A.*, 2012 WL 869285, *3 (D. Ariz. 2012) (under LRCiv 7.2(i), a failure to address arguments presented in a motion to dismiss "is an independent basis to dismiss").

- 4 -

D.  The Facts Subject To Judicial Notice

As noted, the complaint alleges that Brown was acquitted of all nine counts following "two trials" that "culminat[ed]" in May 2017. (Doc. 1 ¶ 28.)

In their motion, Defendants provide more detail concerning the timing of the two trials. They contend the first trial, which concluded in August 2015, resulted in an acquittal on two counts, a directed verdict on three counts, and a mistrial on the remaining four counts, and the second trial, which concluded in May 2017, resulted in an acquittal on those four counts. (Doc. 23 at 3-4.) Defendants substantiate these claims by including, as an exhibit to their motion, the state-court docket sheet (*see* Doc. 23-1) and contend the Court may take judicial notice of the docket sheet without converting their motion into a motion for summary judgment. (Doc 23 at 3 n.3.) Brown does not address, or dispute, this contention in his response to the motion.

The law is clear that the Court may take judicial notice of the docket sheet. *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citation omitted) (taking judicial notice of state-court filings and noting that courts "'may take judicial notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue'"). Accordingly, and given Brown's non-opposition to the request, the Court will take judicial notice of the docket sheet and the details concerning the timing of Brown's two trials.

**DISCUSSION**

A.  Motion For Judgment On The Pleadings

1.  **Statute of Limitations**

The first disputed issue concerns whether Brown's malicious prosecution claims (Counts 1 and 3) are time-barred in part.

In Defendants' view, it is significant that five of the nine sexual assault charges against Brown were rejected in 2015, following his first trial, yet Brown didn't file his notice of claim until October 2017 and didn't file this lawsuit until April 2018. (Doc. 23 at 9-10.) Defendants argue that, to assert a § 1983 claim premised on those five counts,

Brown was required to file suit within two years (*i.e.,* by 2017). (*Id.*) Similarly, Defendants argue that, to assert a state-law tort claim premised on those five counts, Brown was required to file a notice of claim within 180 days and file suit within one year. (*Id.*) Thus, Defendants seek a ruling that "to the extent any of Plaintiff's malicious prosecution claims are premised on the criminal allegations that Plaintiff prevailed on during his first trial, they are untimely and barred." (*Id.*)

In his response, Brown argues that Defendants' position is "unsupported by any case authority," that Defendants' position would also result in "piecemeal litigation and the possibility of inconsistent and conflicting outcomes," and that "because the overall prosecution did not conclude until all charges were resolved by the 2017 trial, these claims did not accrue until that time." (Doc. 30 at 1-2.)

In their reply, Defendants identify various authorities suggesting that, in general, a claim for malicious prosecution accrues once the underlying criminal proceeding has been terminated in the defendant's favor, while acknowledging that these authorities do "not involve similar facts as this case (*i.e.,* a mistrial of certain criminal claims and an adjudication of others)." (Doc. 32 at 3-5.) Defendants also argue that, even if their approach would result in piecemeal litigation, "Arizona Courts . . . have not been concerned by such issues when holding that the statute of limitations on [other types of] claims begin to run at differing points in a criminal prosecution." (*Id.*)

The Court will reject Defendants' statute-of-limitations theory. "One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal *proceeding* in favor of the accused." *Heck v. Humphrey*, 512 U.S. 477, 484 (1994) (emphasis added). When analyzing this element, courts must "examin[e] whether the proceeding as a whole indicates the innocence of the accused with respect to the conduct underlying all of the charges." *Kossler v. Crisanti*, 564 F.3d 181, 194 (3d Cir. 2009). "[T]he favorable termination of some but not all individual charges does not necessarily establish the favorable termination of the criminal proceeding as a whole." *Id.* at 188. *See also Baranchik v. City of Redondo Beach*, 2011 WL 12317545, *3 (C.D. Cal. 2011)

("[A]cquittal on some charges will not satisfy the favorable termination element if the plaintiff is also convicted on other charges which arise from the same course of conduct. This is because a conviction on some charges demonstrates that a plaintiff's conduct was not wholly innocent, a result which cannot be deemed favorable even if he is acquitted of other charges based on the same conduct.").

Here, the results of the initial trial in 2015 didn't establish that Brown had prevailed "as a whole" in the "proceeding" against him—he was still facing four felony counts of sexual assault. It wasn't until he was acquitted of the remaining four counts, in 2017, that his cause of action for malicious prosecution accrued. Indeed, if Brown had tried to file suit earlier—as Defendants contend he was required to do—his suit likely would have been rejected as premature. *Ekweani v. Maricopa County Sheriff's Office*, 2010 WL 2079773, *6 (D. Ariz. 2010) ("A claim for malicious prosecution does not accrue until the prior proceedings have terminated in the accused's favor . . . . If a malicious prosecution claim is filed prior to a favorable termination of the proceedings, it is premature and subject to dismissal.").

2. **Grand Jury Testimony**

The second disputed issue concerns whether Brown's § 1983 claim for malicious prosecution (Count 1) may be premised on Detective Gonzalez's allegedly false grand jury testimony.[2]

In their motion, Defendants argue that *Rehberg* "unequivocally precluded § 1983 claims based on a witnesses' testimony during a grand jury proceeding." (Doc. 23 at 10-11.) Thus, Defendants contend that Detective Gonzalez "is entitled to absolute immunity

---

[2] In their motion, Defendants argued that only Count 1 was subject to limitation under *Rehberg*. (Doc. 23 at 9-10, emphasis added ["Based on the clear holding in *Rehberg*, Officer Gonzalez is entitled to absolute immunity *on any § 1983 claim* based on his grand jury testimony . . . ."].) In their reply, Defendants argued for the first time that both of Brown's malicious prosecution claims (Counts 1 and 3) were implicated. (Doc. 32 at 7, emphasis added ["Plaintiff provides no cogent reason why any of his *federal/state law claims* premised on grand jury testimony . . . should not be dismissed."].) Accordingly, the Court will construe Defendants' dismissal arguments as pertaining only to Count 1. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

on any § 1983 claim based on his grand jury testimony" and that "Plaintiff cannot circumvent the absolute immunity afforded Detective Gonzalez . . . by using evidence of Detective Gonzalez's testimony to support any . . . § 1983 claim concerning the initiation or maintenance of Plaintiff's prosecution." (*Id.*)

In his response, Brown seems to acknowledge that Detective Gonzalez is entitled to immunity under *Rehberg* but argues the City of Glendale isn't covered: "While witnesses may, in fact, enjoy absolute immunity, the agencies for which they are employed, and which organize and orchestrate such grand jury testimony, do not." (Doc. 30 at 2.)

In their reply, Defendants argue that (1) Brown has "concede[d] that he cannot bring a malicious prosecution claim against [Detective] Gonzalez for his grand jury testimony" and (2) the City of Glendale can't be held liable for Detective Gonzalez's testimony because municipalities aren't subject to *respondeat superior* liability in § 1983 actions and the complaint doesn't assert any facts suggesting the City of Glendale was directly involved in the presentation of the grand jury testimony. (Doc. 32 at 6-7.)

The Court concludes that, although Defendants have correctly noted that *Rehberg* may place significant limitations on the scope of Brown's § 1983 claim, it would be premature to grant relief at this time. Notably, Defendants don't seek the outright rejection of Count 1 based on *Rehberg*. Instead, they essentially seek a declaration that Brown can't rely on a particular piece of evidence (Detective Gonzalez's grand jury testimony) for purposes of this claim. It is unclear whether a motion for judgment on the pleadings is an appropriate vehicle for seeking such relief. *See generally Does I through III v. Dist. of Columbia*, 238 F. Supp. 2d 212, 221 n.9 (D.D.C. 2002) (citations omitted) ("[A]t least one court has held that '[p]artial judgment on the pleadings is not possible in federal pleading unless it disposes entirely of one or more counts of the complaint.' The . . . court reached this conclusion after considering the similarity between Rule 12(c) and Rule 56 and noting that many courts reject the granting of partial summary judgment on one claim. Other courts have rejected [this] conclusion, however.").

Deferring resolution of this issue is also appropriate because Brown didn't address

it in any depth in his response to Defendants' motion. *Rehberg* was decided only a few years ago, and the Court's independent research suggests that the question of how, precisely, to apply *Rehberg* in a § 1983 action premised on malicious prosecution is a tricky one that remains somewhat unsettled.³ It is therefore preferable to defer any ruling on *Rehberg*'s applicability until a later stage in the proceedings where the factual record is more concrete and the Court has the benefit of full adversarial briefing.⁴

B.     Motion To Disclose Grand Jury Transcript

On November 16, 2018, the parties filed a "stipulated motion to permit disclosure of grand jury transcript." (Doc. 28.) The motion states that Brown already has a copy of the grand jury transcript from his underlying state-court case, and wishes to provide a copy to Defendants for discovery purposes in this case, but also wishes, "as a precaution," to obtain judicial authorization because A.R.S. § 13-2812 makes it "unlawful for such a disclosure to occur in the absence of a court order." (Doc. 28 at 1-2.)

The Court will grant this request. The parties should note, however, that the issue of whether it is permissible to obtain or disclose a grand jury transcript for discovery purposes in a § 1983 case is far more complicated than the parties' motion (which is a half-page long and contains no legal citations) might suggest. Requests of this sort are carefully

---

³ *See, e.g., Willes v Linn County*, 650 Fed. App'x 444, 444 n.1 (9th Cir. 2016) ("We need not decide whether the holding in [*Rehberg*] impacts our holding in *Harris v. Roderick*, 126 F.3d 1189 (9th Cir. 1997) [concerning § 1983 liability in the grand jury context]"); *Peck v. Hinchey*, 655 Fed. App'x 534, 536 (9th Cir. 2016) (reinstating § 1983 claims against police officer, where district court dismissed at the pleading stage based upon a determination that the claims were "'inextricably tied' to [the officer's] grand jury testimony" and thus barred under *Rehberg*, because the claims could be construed as arising from the officer's "alleged non-testimonial, out-of-court fabrication of evidence to support criminal charges . . . [which] is not protected by absolute immunity"); *Frederick v. New York City*, 2012 WL 4947806, *3-4 (S.D.N.Y. 2012) ("At first glance, . . . [*Rehberg*] precludes the introduction of any grand jury testimony as evidence in a § 1983 malicious prosecution claim. Yet the apparent incongruity between such a sweeping prohibition and the traditionally narrow compass of absolute immunity doctrine suggests the need for a closer look. . . . Upon careful review of the opinion, this Court holds that *Rehberg* does not create a categorical bar to the use of grand jury testimony as evidence against defendants in malicious prosecution suits brought pursuant to § 1983.").

⁴ For example, if Defendants eventually move for summary judgment, and Brown seeks to proffer Detective Gonzalez's grand jury testimony as evidence in opposition to the motion, this would provide an appropriate vehicle for the parties to brief, and the Court to resolve, *Rehberg*'s applicability.

scrutinized and frequently denied. *See, e.g., Alvarado v. City of New York*, 2009 WL 510813, *2 (E.D.N.Y. 2009) ("Authorizing a fishing expedition based solely on conclusory allegations of misconduct before the grand jury would result in every plaintiff who claimed malicious prosecution being given access to the minutes of the grand jury that voted on the underlying indictment. Such a result would defeat the purpose behind the particularized need test, and cannot be correct."). Moreover, it is difficult to reconcile the *Rehberg*-related arguments contained in Defendants' motion for judgment on the pleadings (*i.e.,* the grand jury testimony is basically irrelevant because no liability can flow from it) with the representations contained in the joint motion for disclosure (*i.e.,* the transcript is "indispensable" and "Defendants need the grand jury transcript to present their defense to Plaintiff's claims," *see* Doc. 28 at 2).

Nevertheless, the Court concludes that sharing the transcript is appropriate under the narrow circumstances of this case, so it will grant the request. *See, e.g., Vazquez v. City of New York*, 2013 WL 2449181, *2 (S.D.N.Y. 2013) (granting disclosure request by plaintiff, who was asserting § 1983 claim for malicious prosecution, because "while Plaintiff is apparently already in possession of the grand jury minutes . . . it is not clear whether she could lawfully use those minutes in these proceedings absent an order for unsealing" and "the cat is already out of the bag in the sense that the grand jury transcripts are already in Plaintiff's possession"). However, the transcript must be kept confidential, may be used only for purposes of this case, and may not be shared with anybody apart from the parties and their counsel. *Phillips v. City of New York*, 2011 WL 6001722, *1 (S.D.N.Y. 2011) (granting unsealing order in § 1983 action alleging malicious prosecution because "the grand jury minutes have already been disclosed to the parties because they were previously provided to the plaintiff in the course of the criminal proceedings," but noting that "[t]he minutes shall be subject to confidentiality . . . and their use is therefore limited to proceedings in this case. They shall not otherwise be disclosed to anyone other than the parties and their counsel, and are not to be used for any purpose other than the prosecution of the plaintiff's claims in this action.").

Accordingly, **IT IS ORDERED** that:

1. Defendants' motion for judgment on the pleadings (Doc. 23) is **GRANTED IN PART AND DENIED IN PART**. Counts 2, 4, and 5 of the complaint are dismissed with prejudice, Chief St. John is dismissed as a party in Counts 1 and 3, and Count 1 will be construed as a § 1983 claim for malicious prosecution.

2. The parties' stipulated motion to permit disclosure of grand jury transcript (Doc. 28) is **GRANTED**. However, the transcript must be kept confidential, may be used only for purposes of this case, and may not be shared with anybody apart from the parties and their counsel.

Dated this 9th day of January, 2019.

Dominic W. Lanza
United States District Judge