**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Antonio Brown, | No. CV-18-01267-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| City of Glendale, et al., | |
| Defendants. | |

Plaintiff's attorneys have filed a pair of withdrawal motions (Docs. 49, 51). As explained below, the motions will be denied without prejudice.

**BACKGROUND**

This lawsuit was filed in April 2018. (Doc. 1.) In a nutshell, Plaintiff is pursuing claims for malicious prosecution (both under 42 U.S.C. § 1983 and under state law) following his acquittal in a state-court prosecution for sexual assault. (*See generally* Doc. 34.) Plaintiff contends the charges arose because a member of the Glendale Police Department filed false police reports, lied in a search warrant affidavit and while testifying before a state grand jury, and concealed exculpatory evidence. (*Id.*) From the outset of the case, Plaintiff has been represented by two different law firms: Wilenchik & Bartness PC ("the Wilenchik Firm") and Fowler St. Clair, PLLC ("the Fowler Firm"). (*Id.* at 1.)

On April 29, 2019, the parties brought a discovery dispute to the Court's attention. (Doc. 44.) The dispute concerned persistent failures by Plaintiff's attorneys to respond to discovery requests and to verify and supplement Plaintiff's disclosures. (*Id.*)

On May 1, 2019, following a hearing concerning the discovery dispute, the Court issued a minute order requiring Plaintiff's attorneys to provide the requested verifications and supplementation and extending the deadlines in the scheduling order only as to Defendants. (Doc. 48.) This minute order also authorized Defendants to file a motion for attorneys' fees but required the parties to meet and confer beforehand. (*Id.*)

On May 8, 2019, one week after this minute order was issued, the Wilenchik Firm filed a motion to withdraw as counsel. (Doc. 49.) The motion states that the "grounds" for the withdrawal request are that "Plaintiff is presently represented in this matter by co-counsel [the Fowler Firm] and a grant of this Motion would not result in Plaintiff being unrepresented." (Doc. 49 at 2.)

Later that day, the Fowler Firm filed its own motion to withdraw as counsel. (Doc. 51.) This motion states that the Fowler Firm "does not have the experience or resources to handle litigation of this nature on its own" and agreed to participate in the case only because it had the "understanding and expectation that . . . [the Wilenchik Firm would] act as lead counsel based on their experience with § 1983 claims specifically, and federal litigation more generally." (*Id.* at 1-2.)

The next day, Defendants filed a response to both motions. (Docs. 53, 54.) Defendants "take no position" concerning the withdrawal requests but ask the Court to defer ruling on the requests until after Defendants file (and the Court rules upon) an attorneys' fee request that Defendants purportedly planned to file "in the very near future." (Doc. 53 at 1.)

It has now been 27 days since Defendants filed their response, but no attorneys' fee motion has been filed. Plaintiff has not responded to either motion to withdraw.

**ANALYSIS**

Both withdrawal motions will be denied without prejudice. Although Local Rule 83.3 only enacts certain procedural requirements governing attorney withdrawal requests and doesn't specify a substantive standard for evaluating such requests,[1] Ninth Circuit law

---

[1] In contrast, several other district courts embed a substantive standard within their local rules on attorney withdrawal. *See, e.g., The Thompsons Film, LLC v. Boe*, 2015 WL

suggests a "justifiable cause" standard applies when, as here, the client doesn't affirmatively consent to the request. *Lovvorn v. Johnston*, 118 F.2d 704, 706 (9th Cir. 1941) ("An attorney may not, in the absence of the client's consent, withdraw from a case without justifiable cause; and then only after proper notice to his client, and on leave of the court."); *see also* LRCiv 83.3(b) (except for an in-office change of counsel, counsel seeking withdrawal must file a written application "setting forth the reasons therefor").

"Justifiable cause" is not a terribly demanding standard, but it hasn't been satisfied here. The Wilenchik Firm's motion doesn't identify any reason why it wishes to withdraw—it simply provides that Plaintiff won't be prejudiced by the withdrawal because the Fowler Firm will still be around to handle the case. Lack of prejudice to the client is a separate matter from the reasons justifying the withdrawal. Moreover, only a few hours after this motion was filed, the Fowler Firm filed its own withdrawal motion, arguing that it doesn't have the experience and resources to handle the case without the help of the Wilenchik Firm. Assuming *arguendo* this might be a justifiable cause for withdrawal, it is premised on the Court granting the Wilenchik Firm's motion—which the Court will not do at this juncture.

It is entirely possible the Wilenchik Firm has other reasons for seeking to withdraw from this case—reasons that would meet the "justifiable cause" standard—that it was hoping to avoid mentioning in the docket. *See* Ariz. R. Prof. Conduct 1.16 (identifying various permissible grounds for terminating representation). Although discretion is often a virtue, here that discretion has deprived the Court of any legitimate basis for granting its withdrawal motion. And unless and until the Court authorizes the Wilenchik Firm's withdrawal, the justification provided in the Fowler Firm's withdrawal application is

---

12868203, *1 (E.D. Wash. 2015) ("Pursuant to LR 83.2(d)(4), . . . [an] attorney's motion for withdrawal must demonstrate good cause and must be filed and served on the client and opposing counsel."); *SEC v. Stratocomm Corp.*, 2013 WL 3542621, *1 (N.D.N.Y. 2013) ("Withdrawal of counsel in a civil case is governed by Local Rule 83.2(b) which provides . . . [that an] attorney who has appeared may withdraw only upon notice to the client and all parties to the case and an order of the Court, upon a finding of good cause, granting leave to withdraw."); *Hallmark Capital Corp. v. Red Rose Collection, Inc.*, 1997 WL 661146, *2 (S.D.N.Y. 1997) ("Withdrawal of counsel is governed by S.D.N.Y. Local Civil 1.4 . . . [which requires] 'satisfactory reasons for withdrawal,' not 'good cause.'");

unavailing—although the Fowler Firm may also have other as-yet-undisclosed reasons that would meet the "justifiable cause" standard.

Finally, to the extent Defendants still wish to file an application for attorneys' fees pursuant to the Court's May 1, 2019 Order (Doc. 48), the Court will set a deadline of June 12, 2019.

Accordingly,

**IT IS ORDERED** that:

(1) The Wilenchik Firm's motion to withdraw (Doc. 49) is **denied without prejudice**;

(2) The Fowler Firm's motion to withdraw (Doc. 51) is **denied without prejudice**;

(3) Either Firm may, if it wishes to do so, re-file a withdrawal motion that attempts to satisfy the "justifiable cause" standard; and

(4) Defendants' deadline to file an application for attorneys' fees pursuant to the Court's May 1, 2019 Order is **June 12, 2019**.

Dated this 5th day of June, 2019.

Dominic W. Lanza
United States District Judge