**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Antonio Brown, | No. CV-18-01267-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| City of Glendale, et al., | |
| Defendants. | |

On June 12, 2019, Defendants filed a motion for attorneys' fees. (Doc. 60.) The motion appears to seek recovery not only against Plaintiff, but also against Plaintiff's two law firms, Wilenchik & Bartness PC and Fowler St. Clair PLLC. On June 26, 2019, both firms filed oppositions to the motion. (Docs. 61, 62.) The next day, Wilenchik & Bartness filed a motion to withdraw as counsel. (Doc. 63.) This order addresses the pending motion to withdraw as counsel.

Ninth Circuit law suggests a "justifiable cause" standard applies when, as here, the client doesn't affirmatively consent to the withdrawal request. *Lovvorn v. Johnston*, 118 F.2d 704, 706 (9th Cir. 1941) ("An attorney may not, in the absence of the client's consent, withdraw from a case without justifiable cause; and then only after proper notice to his client, and on leave of the court."). "Justifiable cause" is not a terribly demanding standard, and it's true the reasons listed in ER 1.16 will often satisfy it, so long as other factors don't outweigh the reason. *Gagan v. Monroe*, 2013 WL 1339935, *4 (D. Ariz. 2013) ("Factors that a district court should consider when ruling upon a motion to withdraw as counsel

include: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case."); *Bohnert v. Burke*, 2010 WL 5067695, *2 (D. Ariz. 2010) ("Any factors that might support [counsel's] motion to withdraw are outweighed by the Court's responsibility to manage its own case load and ensure [fairness] to all parties. . . . [T]he Court finds that the interests of justice will be best served if [counsel] remains available to assist and try this case as he agreed to do when he entered his notice of appearance in 2009.").

Wilenchik & Bartness's motion to withdraw states that "justifiable cause" exists to withdraw (1) due to privileged reasons set forth in a separate *ex parte* affidavit, (2) because one attorney at the firm is undergoing cancer treatment, and (3) because its fee agreement with Plaintiff gives it the unilateral right to withdraw.

Notably, the motion doesn't acknowledge that it comes at a particularly sensitive juncture in the case—indeed, there is a pending motion for attorneys' fees against Wilenchik & Bartness that is just about to become fully briefed. The Court concludes that "withdrawal at this time would be unfairly prejudicial to Plaintiff, who has not consented to counsel's withdrawal, as well as unfairly prejudicial to Defendants and to the timely administration of justice." *Martin v. Weed Inc.*, 2019 WL 2100002, *2 (D. Ariz. 2019) (declining to authorize withdrawal less than a week before argument on dispositive motions); *see also Reiffin v. Microsoft Corp.*, 2011 WL 2359059, *2-4 (N.D. Cal. 2011) (requiring attorneys to continue representation in connection with pending motion for attorneys' fees).

Furthermore, the proffered reasons for seeking to withdraw are not particularly strong. The fee agreement's withdrawal clause is unpersuasive—having the contractual right to withdraw is different from providing reasons why withdrawal should be allowed. As for Mr. Wilenchik's medical condition, although the Court is very sympathetic to his situation, it appears that other attorneys from Wilenchik & Bartness have been litigating this matter for some time. Finally, the Court has reviewed the *ex parte*

affidavit and observes, as an initial matter, that it's unclear whether the matters discussed therein are actually privileged.  At any rate, the affidavit doesn't suggest that Wilenchik & Bartness would be somehow forced to violate any ethical rules if required to keep litigating this case—it merely elaborates on why the firm would prefer to withdraw.  Thus, although the affidavit provides some support for the withdrawal request, the reasons offered do not outweigh the other factors:  prejudice to Defendants, harm to the administration of justice, possible prejudice to Plaintiff, and possible delay.

The motion to withdraw will be denied without prejudice.  Once the attorneys' fee motion is resolved and the case reaches a less sensitive juncture, the request may be renewed.

Accordingly,

**IT IS ORDERED** that the Motion to Withdraw as Co-Counsel for Plaintiff by John D. Wilenchik, Dennis I. Wilenchik, Lawrence J. Felder, and the firm of Wilenchik & Bartness, P.C. (Doc. 63) is denied without prejudice.

Dated this 1st day of July, 2019.

Dominic W. Lanza
United States District Judge