**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Antonio Brown,<br><br>    Plaintiff,<br><br>v.<br><br>City of Glendale, et al.,<br><br>    Defendants. | No. CV-18-01267-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Defendants' application for attorneys' fees (Doc. 60), which both sets of Plaintiff's attorneys oppose (Docs. 61, 62). For the following reasons, the application will be granted in part and the Court will award $2,041 in fees.

**BACKGROUND**

This case was initiated in April 2018. (Doc. 1.) Plaintiff is represented by two law firms: (1) Fowler St. Clair, PLLC ("the Fowler Firm") and (2) Wilenchik & Bartness PC ("the Wilenchik Firm") (collectively, "Plaintiff's counsel").

As early as June 2018, Defendants began raising concerns about the sufficiency of Plaintiff's disclosures. (Doc. 44 at 5-6 [June 29, 2018 letter from Defendants to Plaintiff].)

On October 26, 2018, Defendants filed a 15-page motion for judgment on the pleadings, seeking dismissal of all of Plaintiff's claims except Plaintiff's malicious prosecution claim stemming from his May 9, 2017 acquittal. (Doc. 23 at 1.) On November 21, 2018, Plaintiff filed a 2-page response, stipulating to dismissal of all counts except Count 1 (42 U.S.C. § 1983 claim) and Count 3 (malicious prosecution), specifying that the

claims were based on both the 2015 trial and the 2017 trial. (Doc. 30 at 1-2.)

On January 9, 2019, the Court granted in part and denied in part the motion for judgment on the pleadings. (Doc. 34.) Based on the concessions and omissions in Plaintiff's response, the Court dismissed Counts 2, 4, and 5, dismissed Chief St. John as a party, and limited Plaintiff's theory in Count 1 to a malicious-prosecution theory. (*Id.* at 4.)

On March 13, 2019, Defendants provided a detailed, single-spaced, 12-page letter to Plaintiff's counsel that identified an array of deficiencies in Plaintiff's disclosures and interrogatory responses. (Doc. 44 at 9-20.) The letter began by stating that Defendants had "been pursuing Plaintiff to provide the factual and legal bases of his claims since June 2018, after receipt of Plaintiff's underwhelming and insufficient [MIDP] responses. Over many months, [Defendants had] repeatedly attempted to elicit responses from lawyers representing Plaintiff regarding the lack of information that Plaintiff has provided to support his claims." (*Id.* at 9-10.) The letter went on to note, among other things, that (1) Plaintiff still had not identified any factual support for his allegation that Defendants had targeted him based on his race (*id.* at 11), (2) Plaintiff still had not identified any factual support for his allegation that Defendants followed a custom/practice of arresting individuals without probable cause based on race (*id.* at 12), (3) Plaintiff still had not identified any factual support for his allegation that the Glendale Police Chief failed to follow state and federal standards for hiring, training, and supervising officers (*id.* at 13), and (4) although Plaintiff's malicious prosecution claim was premised on the allegation that Defendants had "tampered with the confrontation call," Plaintiff still had not identified any facts supporting this contention (*id.* at 15-16).

On March 20, 2019, Plaintiff's counsel called Defendants to state they were working on supplementing discovery. (Doc. 44 at 22.) However, Plaintiff did not subsequently serve any supplemental discovery responses or interrogatory responses. (*Id.* at 2.)

On March 29, 2019, Defendants sent Plaintiff's counsel an email that, in part, stated:

> [Y]ou have never provided the simplest things—like facts that support Plaintiff's claims—not in the Notice of Claim, not in the MIDP that I have

> been asking that you supplement since June 2018 and that you pledged to supplement on August 28, 2018 at the Rule 16 Conference, and not in response to written discovery. Gentlemen this is completely unreasonable. I think it is beyond time to file a joint memorandum with the Court as we have reached an impasse . . . .

(Doc. 44 at 24.) Plaintiff's counsel did not bother to respond. (Doc. 44 at 2, 31.)

On April 25, 2019, nearly a month later, Defendants prepared a written summary of the dispute and emailed the summary to Plaintiff's counsel so they could insert a summary of Plaintiff's position. (*Id.*) Plaintiff's counsel ignored this request, too.

On April 29, 2019, Defendants filed a memorandum informing the Court of the pending discovery dispute. (Doc. 44.)

On May 1, 2019, the Court held a telephonic hearing concerning the dispute. (Doc. 48.) During this hearing, Plaintiff's counsel didn't seek to defend the sufficiency of Plaintiff's disclosures and interrogatory responses. Counsel even made a statement to the effect of, "if and to the extent that we cannot supplement with sufficient substantial information . . . that could affect the future of the case." After the hearing was complete, the Court issued a minute order stating that "Plaintiff's counsel is directed to supplement Plaintiff's MIDP responses and attempt to address, in good faith, all of the specific items outlined in Defense counsel's memoranda (Docs. 44 and 45)." (Doc. 48 at 1.) The minute order also stated that "[t]he Court grants Defense counsel's request to file an Application for Attorneys' Fees. However, counsel are directed to meet and confer prior to the application being filed." (*Id.*)

On May 8, 2019, one week after this minute order was issued, the Wilenchik Firm filed a motion to withdraw as counsel. (Doc. 49.) The asserted grounds for the withdrawal request were that "Plaintiff is presently represented in this matter by co-counsel [the Fowler Firm] and a grant of this Motion would not result in Plaintiff being unrepresented." (*Id.* at 2.) Later that day, the Fowler Firm filed its own motion to withdraw as counsel. (Doc. 51.) This motion stated that the Fowler Firm "does not have the experience or resources to handle litigation of this nature on its own" and agreed to participate only because it had the "understanding and expectation that . . . [the Wilenchik Firm would] act as lead counsel

- 3 -

based on their experience with § 1983 claims specifically, and federal litigation more generally." (*Id.* at 1-2.)

On June 5, 2019, the Court issued an order denying both withdrawal motions. (Doc. 57.)

On June 12, 2019, Defendants filed their application for attorneys' fees. (Doc. 60.)

On June 26, 2019, Plaintiff (through the Wilenchik Firm) filed an opposition to the fee application. (Doc. 61.) Later that day, the Fowler Firm filed a separate response in which it joined in Plaintiff's response and advanced some additional reasons why, even if the Court were to impose fees, it should decline to impose them against the Fowler Firm. (Doc. 62.)

On July 2, 2019, Defendants filed a reply. (Doc. 65.)

**ANALYSIS**

The discovery dispute that Defendants presented to the Court on April 29, 2019 (Doc. 44) was, in substance, a motion to compel, and the Court granted this motion through its May 1, 2019 minute order (Doc. 48), which, among other things, ordered Plaintiff to supplement his disclosures. Accordingly, Defendants' fee request is governed by Rule 37(a)(5) of the Federal Rules of Civil Procedure.

Rule 37(a)(5) provides that if a motion to compel is granted, "the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Id.* (emphasis added). However, the rule also identifies three circumstances in which a court may decline to award fees despite granting a motion to compel: (1) if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; (2) if "the opposing party's nondisclosure, response, or objection was substantially justified"; or (3) if "other circumstances make an award of expenses unjust." *Id.*

Here, none of these exceptions is applicable. First, Defendants made multiple attempts to meet-and-confer with Plaintiff's counsel before filing the motion to compel,

only for those inquiries to be ignored. Second, Plaintiff's disclosure violations were not substantially justified. Indeed, even though Plaintiff now makes a half-hearted effort to claim he "made his best efforts to obtain and produce whatever information and documentation that he did have" (Doc. 61 at 2), it is telling that Plaintiffs' counsel didn't attempt to defend the sufficiency of Plaintiff's disclosures during the May 1, 2019 hearing. Moreover, Defendants' motion did not merely seek to compel Plaintiff to produce certain documents that might arguably have been outside of Plaintiff's custody and control. The motion focused on the inadequacy of Plaintiff's disclosures and interrogatory responses concerning the basic facts underlying the claims and allegations in the complaint. This is information that is obviously within Plaintiff's control, and Plaintiff's counsel should have been aware of those facts at the time they filed the complaint. Third, the remaining circumstances wouldn't render an award of expenses unjust. Although Plaintiff's brief contains some unverified assertions about his financial condition, the bottom line is that Defendants were needlessly forced to waste time and money litigating a motion to compel that was largely uncontested. Plaintiff is solely to blame for the resulting costs.

Having determined that a fee award is warranted, the Court next must determine how large the award should be. On this issue, the Court finds that Defendants' request is overbroad and agrees with Plaintiff that "the Court [should] reduce any assessment to reflect [only] Defendants' reasonable attorneys' fees and costs in drafting and filing the motion and any reply in support, reviewing Plaintiff's response to the motion, and preparing for and attending the May 1, 2019 [hearing]." (Doc. 61 at 11.)

This conclusion is compelled by the plain language of Rule 37(a)(5), which provides that a fee award should be limited to the "movant's reasonable expenses incurred in *making* the motion." *Id.* (emphasis added). The italicized language suggests a movant can't request reimbursement under Rule 37(a)(5) for all of the time spent reviewing deficient discovery responses and meeting-and-conferring with opposing counsel over the course of a case. Instead, such a request should be limited to the time spent "making"—that is, drafting and arguing—the motion to compel. As one court put it:

> Under Federal Rule of Civil Procedure 37(a)(5)(A), an award of expenses is limited to the expenses incurred in making the motion to compel. In this case, Defendant has requested more than the expenses it incurred in making the motion . . . [and] is claiming time for reviewing Plaintiff's inadequate discovery responses, conferring with Plaintiff's counsel about the discovery issues, and developing a strategy regarding Plaintiff's objections to discovery requests. The time spent on these tasks is not compensable. Only time spent on tasks that were performed in conjunction with making the motion are compensable, and the tasks mentioned above do not meet this requirement.

*Hall v. Government Employees Ins. Co.*, 2008 WL 2704595, *1 (M.D. Ga. 2008).[1] After all, any work "reviewing discovery and communicating with opposing counsel . . . would have been required regardless of whether Defendant[ ] had to file a motion to compel." *Manning v. Soo Line Railroad Co.*, 2017 WL 811903, *2 (N.D. Iowa 2017).

Here, Defendants' request isn't limited to the time spent "making" the motion to compel. Instead, Defendants seek reimbursement for time entries from as early as June 2018 (Doc. 60 at 38), and the bulk of the entries at issue are from the August-November 2018 timeframe (Doc. 60 at 40-50.) These entries are not compensable. The Court will therefore limit the fee award to the entries from April 24-29, 2019 that are set forth on page 34 of the invoice. (Doc. 60 at 62.) Those entries, all of which relate to the "making" of

---

[1] *See also Ecomed, LLC v. Asahi Kasei Med. Co., Ltd.*, 2018 WL 4193642 (S.D. Fla. 2018) ("Plaintiffs' attempt to recover fees for their . . . conversations with defense counsel about discovery, exceeds the express limitations of the rule. Accordingly, the Court will limit Plaintiffs' recovery to 10.8 hours, which the Court deems to be a reasonable amount of time for Mr. Langley to have spent preparing his motion to compel and reply papers, as well as appearing for oral argument."); *Morgan Hill Concerned Parents Ass'n v. Cal. Dep't of Ed.*, 2017 WL 2492850, *3 (E.D. Cal. 2017) ("Plaintiffs' entitlement to fees pursuant to Fed. R. Civ. P. 37(a)(5)(A) does not entitle them to recover fees for everything they have ever done related to discovery in this case. Plaintiffs are entitled only to fees related to actually litigating their motion to compel. Plaintiffs' proposed hours for compensation include unrecoverable time entries going back several months before their motion was brought, including hours for general discovery tasks and case preparation."); *Signatours Corp. v. Hartford*, 2016 WL 4533048, *2 (W.D. Wash. 2016) ("The following entries do not clearly relate to preparing the Motion to Compel and will be cut in their entirety: '9/23/2015 – Preparing letter to opposing counsel re discovery;' '1/25/2016 – Reviewing scheduling order. Conferring by phone w D. Garrison re discovery. Preparing email to D Lowe re discovery.' Because this work is not clearly related to the Motion to Compel, the Court will cut these entries . . . ."). *But see Dunne v. Resource Converting, LLC*, 2018 WL 1858156 (E.D. Mo. 2018) ("An important limitation on the Court's authority to award these expenses is a failure of the movant to engage in a good faith attempt to obtain the discovery before filing the motion. Because this pre-motion due diligence is required when an award of the expenses for a motion to compel is considered, the Court ought to compensate the movant for the pre-motion due diligence effort.").

the motion to compel, cover 11.1 hours of attorney time at a cost of $2,041.[2]

The final issue to be resolved is who should pay the fee award. Rule 37(a)(5) vests the Court with discretion to impose fees against (1) "the party . . . whose conduct necessitated the motion [to compel]," (2) "the party or attorney advising that conduct," or (3) "both." When choosing how to make this allocation, courts should follow an approach "designed to solve the management problem. If the fault lies with the attorneys, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." *Matter of Baker*, 744 F.2d 1438, 1442 (10th Cir. 1984). Here, some of the fault lies with Plaintiff, because he wasn't diligent in obtaining requested documents, and some of the fault lies with counsel, because counsel unprofessionally ignored multiple meet-and-confer requests and should have been able to provide the basic foundational information being sought by Defendants because that information would have been necessary to file the complaint in good faith. The Court further notes, however, that the Fowler Firm hasn't had much involvement in the discovery process in this case. (Doc. 62 at 2-3.) Thus, the Court will hold Plaintiff and the Wilenchik Firm jointly and severally liable for the $2,041 award.

Accordingly, **IT IS ORDERED** that:

(1) Defendants' application for attorneys' fees (Doc. 60) is **granted in part**; and

(2) The amount of fees to be awarded is $2,041, with the obligation owed jointly and severally by Plaintiff and the Wilenchik Firm.

Dated this 29th day of July, 2019.

_____
Dominic W. Lanza
United States District Judge

---

[2] Plaintiff hasn't asserted any objection to the hourly rate charged by Defendants' counsel and the Court deems that rate to be reasonable.