**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Antonio Brown, | No. CV-18-01267-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| City of Glendale, et al., | |
| Defendants. | |

Plaintiff Antonio Brown is represented in this case by attorneys from two law firms: Wilenchik & Bartness PC ("the Wilenchik Firm") and Fowler St. Clair, PLLC ("the Fowler Firm"). Now pending before the Court are a pair of withdrawal motions filed by those firms. (Docs. 67, 68.) For the following reasons, both motions will be granted.

## BACKGROUND

On April 29, 2019, the parties brought a discovery dispute to the Court's attention. (Doc. 44.) The dispute concerned persistent failures by Plaintiff's attorneys to respond to discovery requests and to verify and supplement Plaintiff's disclosures. (*Id.*)

On May 1, 2019, following a hearing concerning the discovery dispute, the Court issued a minute order requiring Plaintiff's attorneys to provide the requested verifications and supplementation and extending the deadlines in the scheduling order only as to Defendants. (Doc. 48.) This minute order also authorized Defendants to file a motion for attorneys' fees but required the parties to meet and confer beforehand. (*Id.*)

On May 8, 2019, Plaintiff's attorneys filed a pair of withdrawal motions (Docs. 49,

51), which the Court denied without prejudice, as both motions failed to provide justifiable cause for the attempted withdrawals. (Doc. 57.)

On June 12, 2019, Defendants filed a motion for attorneys' fees. (Doc. 60.)

On June 27, 2019, the Wilenchik Firm filed another motion to withdraw. (Doc. 63.) Once again, the Court denied the motion without prejudice. (Doc. 64.) Among other things, the Court noted that the motion was made at a "sensitive juncture" and thus stated the request could be "renewed" after the attorneys' fee motion was resolved. (*Id.* at 3.)

On July 29, 2019, the Court granted in part Defendants' motion for attorneys' fees, awarding $2,041, with the obligation owed jointly and severally by Plaintiff and the Wilenchik Firm. (Doc. 66 at 7.)

On July 31, 2019, the Wilenchik Firm and the Fowler Firm both filed motions to withdraw. (Docs. 67, 68.)

**DISCUSSION**

A. <u>The Fowler Firm</u>

The Fowler Firm's motion was filed with client consent and was signed by Plaintiff. (Doc. 68 at 2.) The motion notes that Plaintiff desires the Fowler Firm "to no longer be co-counsel of record in this matter" and that "replacement counsel will not be required as Plaintiff is still represented by [the Wilenchik Firm]." (*Id.* at 1.) Pursuant to LRCiv 83.3, the application could have been presented to the Court *ex parte* (but was not), and at any rate, Defendants do not object to the withdrawal. (Doc. 70.) The Court will grant the Fowler Firm's motion to withdraw.

B. <u>The Wilenchik Firm</u>

1. **The Parties' Arguments**

The Wilenchik Firm's motion was filed without client consent. (Doc. 67.) The reasons offered for the withdrawal are that (1) the Wilenchik Firm "has a conflict with Mr. Brown," (2) "this is a civil matter," and (3) "Plaintiff is entitled to represent himself." (*Id.* at 1.) The Wilenchik Firm also notes that an attorney who was formerly responsible for this matter is undergoing cancer treatment. (*Id.* at 2.)

On August 14, 2019, Defendants filed a response taking no position. (Doc. 69.)

On August 15, 2019, Plaintiff filed a three-page response opposing the withdrawal request. (Doc. 71.) Plaintiff stated that he "reached out to [the Wilenchik Firm] on numerous occasions and tried to sit down with [counsel], but haven't once been able to get in." (*Id.* at 1.) Plaintiff also stated that the Wilenchik Firm "is very important to [his] case and has set and determined the strategy," that he is "worried" he will not be able to find new counsel "to sign onto the case and successfully use the strategy [the Wilenchik Firm] has adopted," that he does "not know of any conflict" between himself and the Wilenchik Firm, that he is "readily available for anything that might be needed," and that if anything was needed of him, the Wilenchik Firm "just needed to ask." (*Id.*)

On August 20, 2019, the Wilenchik Firm filed a reply, stating that "[t]he referenced conflict with the Firm pertains to the fact that the Firm has never been paid for its services, which non-payment has been and would continue to be a significant financial burden." (Doc. 73 at 1.) The Wilenchik Firm also clarified that, although it is true that none of its attorneys have ever met with Plaintiff in person, (1) it has engaged in "email communications" with Plaintiff, (2) the attorneys from the Fowler Firm have repeatedly met with Plaintiff in person, and (3) Plaintiff didn't make his first request for an in-person meeting with the Wilenchik Firm until July 31, 2019. (*Id.* at 2 n.1.)

On August 21, 2019, Defendants filed a response to Plaintiff's brief. (Doc. 74.) In it, Defendants state they "have no objection to the Court's allowing Plaintiff a reasonable amount of time to retain new counsel to represent him in this matter" but "oppose any request by Plaintiff to extend Plaintiff any additional time to conduct discovery or disclosure in this matter." (*Id.* at 1-2.)

2. **Analysis**

Ninth Circuit law suggests a "justifiable cause" standard applies when, as here, the client doesn't affirmatively consent to the withdrawal request. *Lovvorn v. Johnston*, 118 F.2d 704, 706 (9th Cir. 1941) ("An attorney may not, in the absence of the client's consent, withdraw from a case without justifiable cause; and then only after proper notice to his

1  client, and on leave of the court."). "Justifiable cause" is not a terribly demanding standard,
2  and the reasons listed in ER 1.16 will often satisfy it, so long as other factors don't outweigh
3  the reason.
4  The Court denied a previous withdrawal motion filed by the Wilenchik Firm in part
5  because it came at a "sensitive juncture" in the case. (Doc. 64 at 3.) That sensitive juncture
6  is now over—Defendants' motion for attorneys' fees has been granted (Doc. 66) and the
7  Wilenchik Firm has paid the award in its entirety (Doc. 72). Given these changed
8  circumstances, along with the new information provided by the Wilenchik Firm concerning
9  Plaintiff's non-payment of fees, the Court concludes that justifiable cause now exists to
10 permit the Wilenchik Firm to withdraw from this case.
11 Arizona Rule of Professional Conduct 1.16(b)(5) provides that "a lawyer may
12 withdraw from representing a client if . . . the client fails substantially to fulfill an obligation
13 to the lawyer regarding the lawyer's services and has been given reasonable warning that
14 the lawyer will withdraw unless the obligation is fulfilled." This rule appears to be satisfied
15 here because (1) the Wilenchik Firm contends it has never received payment from Plaintiff
16 for its services, which has resulted in a conflict, and (2) the Wilenchik Firm made two
17 previous efforts to withdraw from this case, which functionally served as a warning to
18 Plaintiff that withdrawal could occur. As discussed above, the reasons listed in ER 1.16
19 will often provide justifiable cause for a withdrawal request. *See also Fabricant v. Fast
20 Advance Funding, LLC*, 2018 WL 6927809, *2 (C.D. Cal. 2018) ("A client's failure to pay
21 legal fees, while not dispositive, may constitute good cause to permit an attorney's
22 withdrawal from representation of a client.").
23 Additionally, the retainer agreement between the Wilenchik Firm and Plaintiff is
24 somewhat unusual in that it confers upon the Wilenchik Firm the unfettered right to
25 "withdraw at any time for any reason." (Doc. 63 at 2.) Although this clause does not mean
26 the Court must automatically honor a withdrawal request (*see generally* Doc. 64 at 2
27 ["[H]aving the contractual right to withdraw is different from providing reasons why
28 withdrawal should be allowed."]), it is still relevant and tends to undermine Plaintiff's

claims of surprise and unfairness.

Admittedly, the briefs filed by the Wilenchik Firm and Plaintiff seem to be talking past each other on some of the key points bearing upon the withdrawal analysis—the Wilenchik Firm asserted in its motion that it has an unspecified "conflict" with Plaintiff (Doc. 67 at 1), Plaintiff responded by stating that "I do not know of any conflict between me and the Wilenchik . . . Firm" (Doc. 71 at 2), and the Wilenchik Firm then clarified in its reply that the conflict arises from the non-payment of fees (Doc. 73 at 1). It is regrettable that the Wilenchik Firm didn't spell out the basis for the conflict in its original motion, so Plaintiff could provide a more meaningful response.

Nevertheless, the bottom line is that the Wilenchik Firm has articulated legitimate reasons for wishing to withdraw from this case. Additionally, the withdrawal won't prejudice Defendants[1] and won't unduly delay the resolution of this case—Defendants stipulate they "have no objection to the Court's allowing Plaintiff a reasonable amount of time to retain new counsel to represent him in this matter." (Doc. 74 at 1-2). Thus, even though the withdrawal may make it more difficult for Plaintiff to pursue the "strategy" the Wilenchik Firm revealed to him at the outset of this case (Doc. 71 at 1-2)—a consideration that bears upon whether the withdrawal request might undermine "the administration of justice"—the relevant factors weigh, on balance, in favor of granting the Wilenchik Firm's withdrawal request. *Gagan v. Monroe*, 2013 WL 1339935, \*4 (D. Ariz. 2013) ("Factors that a district court should consider when ruling upon a motion to withdraw as counsel

---

[1] Plaintiff's disclosure deadlines have already expired. The scheduling order set a fact discovery deadline of May 2, 2019, and an expert disclosure deadline of May 30, 2019. (Doc. 38 at 2-3.) Although the Court later granted a 120-day extension of these deadlines, that extension applied "as to Defendants only." (Doc. 48 at 1.) In his opposition to the Wilenchik Firm's withdrawal motion, Plaintiff argued that "[i]f the Wilenchik . . . Firm is allowed to withdraw from representing me, I would ask that the Court open my disclosure/discovery/expert disclosure deadlines for a reasonable period so that if and when I find a new attorney they have a chance to adopt a strategy they believe will be viable." (Doc. 71 at 2.) Defendants oppose this request, arguing that such an extension would be "patently unfair" to them because they "have attempted diligently and in good faith to defend Plaintiff's action." (Doc. 74 at 2.) The Court agrees with Defendants. It would be one thing if the applicable deadlines in this case hadn't already expired—in that scenario, it would make sense to give Plaintiff some additional time, following his current lawyers' withdrawal, to complete discovery. But because the deadlines have already lapsed, there is no reason to retroactively extend them. To do so would, in essence, grant a windfall to Plaintiff based on the withdrawal of his counsel.

include: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.").

Because the Court is granting both motions, Plaintiff will be proceeding *pro se* unless and until he retains new counsel. Plaintiff is advised that his "last known address" is 20280 N. 59th Avenue, Suite 115-716, Glendale, Arizona 85308. *See* Fed. R. Civ. P. 5(b)(2)(C). It will therefore be incumbent upon Plaintiff to notify the Court and counsel of any change in that address. LRCiv 83.3(d) ("An . . . unrepresented party must file a notice of a[n] . . . address change . . . ."). Finally, if and when Plaintiff retains new counsel, counsel shall file a notice of appearance and the Court will thereafter hold a status conference to discuss how to proceed.

Accordingly,

**IT IS ORDERED** that the Fowler Firm's motion to withdraw as counsel of record with client consent (Doc. 68) is **granted**.

**IT IS FURTHER ORDERED** that the Wilenchik Firm's motion to withdraw as counsel of record without client consent (Doc. 67) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of this Order to Antonio Brown, 20280 N. 59th Avenue, Suite 115-716, Glendale, Arizona 85308.

Dated this 22nd day of August, 2019.

_____
Dominic W. Lanza
United States District Judge