**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Antonio Brown, | No. CV-18-01267-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| City of Glendale, et al., | |
| Defendants. | |

Pending before the Court is Defendants' motion for leave to file their summary judgment motion and exhibits thereto under seal (Doc. 80). For the reasons stated below, the motion is denied without prejudice.

The public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (internal quotation marks and citations omitted). The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation

marks omitted).

The "stringent" compelling reasons standard applies to all filed motions and their attachments where the motion is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016). A motion for summary judgment is clearly such a motion, and the "compelling reasons" standard applies to the motion and its exhibits.

Defendants state that the motion "contains confidential medical records of testifying witnesses and privileged and confidential transcripts of grand jury testimony from Officer Gonzalez." (Doc. 80 at 1.) The motion to seal is three sentences long and seeks to seal 632 pages—the entirety of the summary judgment motion and all 18 exhibits. Essentially, Defendants request that the Court resolve this case entirely in secret.

Defendants have not attempted to "*articulate compelling reasons* supported by *specific factual findings* that outweigh the general history of access and the public policies favoring disclosure . . . ." *Kamakana*, 447 F.3d at 1178-79 (emphasis added). Moreover, the Court notes that at least some of the exhibits the parties seek leave to file under seal seem so innocuous that the Court wonders what interest Defendants have in maintaining secrecy. (*See, e.g.*, Doc. 81-11, Exh. 10.)

Thus, the motion is denied without prejudice. To the extent that the parties wish to try again, they must include—for *each* document they wish to file under seal—a specific description of the document and compelling reasons for sealing that document, supported by specific facts. The more specific and compelling the reasons and facts provided are, the more likely it is that the Court will find that compelling reasons justify sealing the documents. To the extent that only portions of certain documents might satisfy the *Kamakana* standard, such that Defendants wish to propose redactions, Defendants shall lodge under seal unredacted versions in which the text which Defendants wish to redact is highlighted to facilitate the Court's review.

Accordingly,

**IT IS ORDERED** denying without prejudice Defendants' motion for leave to file its summary judgment motion and exhibits thereto under seal (Doc. 80).

**IT IS FURTHER ORDERED** that, pursuant to LRCiv 5.6(e), the lodged documents will not be filed, but will remain under seal. The Court will extend the time provided by LRCiv 5.6(e) for Defendants to act. Defendants may, within **15 days** of the entry of this Order, (1) resubmit the motion and its exhibits for filing in the public record, or (2) file a new motion to seal that conforms with the requirements delineated in this order.

Dated this 26th day of December, 2019.

Dominic W. Lanza
United States District Judge