**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Antonio Brown, | No. CV-18-01267-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| City of Glendale, et al., | |
| Defendants. | |

On three occasions since August 2019, the Clerk of Court has attempted to mail various orders to Plaintiff, but the postal service has returned those mailings as undeliverable. (Docs. 77, 94, 95.) These mailings have been sent to Plaintiff at the following mailing address ("the 59th Ave address"):

> 20280 N. 59th Ave., Ste. 115-716
> Glendale, AZ  85308

However, the Court is aware of another potential mailing address for Plaintiff. On July 31, 2019, Plaintiff's then-counsel filed motions to withdraw as his counsel of record, both of which[1] provided the following contact information for Plaintiff:

> 5020 W. Thunderbird Road, Apt. 180
> Glendale, AZ  85306
> coachantoniobrown@gmail.com
> (602) 600-8037

("the Thunderbird Road address") (Doc. 67 at 2; Doc. 68 at 2.) The motion to withdraw

---

[1] Former counsel's previous motions to withdraw contained the same contact information for Plaintiff. (Doc. 49 at 2; Doc. 51 at 2; Doc. 63 at 2.)

filed by attorneys Benjamin Kuipers and Brian Locker of Fowler St. Clair, PLLC was filed with Plaintiff's written consent and bore Plaintiff's signature directly beneath the provided contact information. (Doc. 68 at 2.)

Nevertheless, on August 15, 2019, Plaintiff submitted a *pro se* response opposing the July 31, 2019 motion to withdraw as counsel filed by John Wilenchik, Dennis Wilenchik, and Lawrence Felder of Wilenchik & Bartness, P.C. (Doc. 71.) The caption of Plaintiff's *pro se* response, which Plaintiff signed and personally filed, provided the 59th Ave address. (*Id.* at 1.)

On August 22, 2019, the Court granted both motions to withdraw and ordered the Clerk of Court to mail a copy of the Court's order to Plaintiff at the address most recently identified to the Court—the 59th Ave address provided by Plaintiff one week earlier. (Doc. 75 at 6.)

That mailing was unsuccessful (Doc. 77), and two subsequent mailings have likewise failed. (Docs. 94, 95.) Although the 59th Ave address is the last-known address for Plaintiff, it is apparently defunct. The Court therefore directs the Clerk of Court to attempt to mail the Court's August 22, 2019 order (Doc. 75), December 27, 2019 order (Doc. 85), January 6, 2020 order (Doc. 90), and today's order to the Thunderbird Road address. The Court will also email these orders to Plaintiff at coachantoniobrown@gmail.com.[2] The Court directs Defendants to serve their pending motion for summary judgment on Plaintiff via mail to the Thunderbird Road address and via email to coachantoniobrown@gmail.com by February 7, 2020.

Plaintiff is ordered to file, by February 14, 2020, a notice with the Court (1) confirming receipt of the Court's orders and Defendants' motion for summary judgment and (2) affirmatively identifying his mailing address.[3] ***If Plaintiff fails to file this notice,***

---

[2] The body of the email will read: "Mr. Brown: Attached are several orders issued by Judge Lanza in the matter of *Brown v. Glendale, City of et al*, 2:18-cv-01267-DWL. Please reply with the word 'Received' immediately upon receipt. Note that the Court's February 6, 2020 order requires you to file a notice (1) confirming receipt of the attached orders and of Defendants' motion for summary judgment and (2) confirming your mailing address. Failure to file this notice by **February 14, 2020**, will result in dismissal of your lawsuit."

[3] To be clear, emailing is a one-time courtesy that the Court will not continue to

***the Clerk of Court is directed to dismiss this case with prejudice***. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *as amended* (May 22, 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court.").[4]

The deadline by which Plaintiff must respond to Defendants' motion for summary judgment is extended to March 9, 2020.

Accordingly,

**IT IS ORDERED** as follows:

1. The Clerk of Court shall mail the Court's August 22, 2019 order (Doc. 75), December 27, 2019 order (Doc. 85), January 6, 2020 order (Doc. 90), and this order to the Thunderbird Road address.

2. Defendants shall serve their pending motion for summary judgment on Plaintiff via mail to the Thunderbird Road address and via email to coachantoniobrown@gmail.com by **February 7, 2020**.

3. Plaintiff shall file, by **February 14, 2020**, a notice with the Court (1) confirming receipt of the Court's orders and Defendants' motion for summary judgment and (2) affirmatively identifying his mailing address.

4. If Plaintiff fails to file the notice by February 14, 2020, the Clerk of Court shall dismiss this case with prejudice.

---

extend. Unrepresented litigants must have a serviceable physical mailing address to which court orders can mailed.

[4] "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61. Plaintiff has not participated in this action since August 15, 2019. "[T]he public's interest in expeditious resolution of litigation and the trial court's interest in docket control" support dismissal. *Id.* at 1261. Defendants filed a motion for summary judgment on January 8, 2020, and the current deadline to respond is tomorrow, February 7, 2020. The Court has considered less drastic alternatives, including dismissal without prejudice, and concludes that unless Plaintiff affirms his participation in this action by filing the court-ordered notice, any sanction less drastic than dismissal with prejudice would unfairly prejudice Defendants. *Id.* at 1262 ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."). The factors favoring dismissal with prejudice would therefore outweigh "the public policy favoring disposition of cases on their merits." *Id.* at 1261.

5. The deadline by which Plaintiff must respond to Defendants' motion for summary judgment is extended to **March 9, 2020**.

Dated this 6th day of February, 2020.

_____
Dominic W. Lanza
United States District Judge